IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MARICELA SANTIBANEZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:23-cv-171 |
| § | |
| **TEXAS BOARD OF VETERINARY** § | |
| **MEDICAL EXAMINERS** § | |
| § | |
| **Defendant.** § | |

_____

**ORIGINAL COMPLAINT AND JURY DEMAND**
_____

**NOW COMES** Plaintiff, Maricela Santibanez, complaining of and about Defendant, Texas Board of Veterinary Medical Examiners, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff, Maricela Santibanez is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2. Defendant, Texas Board of Veterinary Medical Examiners. Service of process may therefore be effected by serving Brittany Sharkey, Executive Director, who is the person in charge of the business of said Defendant, a citation *directed to said Defendant*, at the following address: 1801 Congress, Suite 8.800, Austin, Texas 78701.

**JURISDICTION & VENUE**

3. Jurisdiction is proper in this Court because this case has federal question jurisdiction over disability discrimination matters under 42 U.S.C. §§ 12112(a). Plaintiff's claims arise under the Americans with Disabilities Act (ADA) of 1990.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. 1367(a) because they arise out of the same case or controversy.

5. Venue lies in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Action in this judicial district and division.

## NATURE OF ACTION

6. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with. To wit, a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Original Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8. Plaintiff was employed with the Texas Board of Veterinary Medical Examiners as a Field Investigator performing investigations of complaints and inspections of veterinary clinics. Plaintiff began her employment with TBVME in 2017.

9. On November 25, 2020, Plaintiff was involved in a motor vehicle accident. In early December 2020, Plaintiff notified her supervisor, Mr. Mike Tacker about the incident and that she was still in pain and experience some instances of numbness throughout her arms and hands as a result of the accident.

10. Plaintiff's injuries sustained in her car accident resulted in her having difficulty with her day-to-day activities including but not limited to hold a pencil and/or pen, typing on her computer and any movement that required Plaintiff to twist or extend her hand.

11. Plaintiff then sough additional medical treatment in January 2021 due to persistent pain in her hands and wrists which slowed her progress in preparing reports and completing other job duties. Plaintiff again notified Tacker and he then advised to keep him updated regarding Plaintiff's medical progress.

12. On January 19, 2021, Plaintiff's treating physician referred her to a specialist for the on-going pain in Plaintiff's hands and wrists. In the interim, Plaintiff's physician reduced her workload to fifty percent (50%) or reduced to an amount that was tolerable to Plaintiff due to pain. Plaintiff then submitted a "Return to Work Form" accompanied by the doctor's prescribed work reduction. Plaintiff requested reasonable accommodations concerning her documented disability in the form of a reduced workload.

13. As a result of the Covid-19 pandemic, Plaintiff was not able to timely be seen by a series of specialists who ultimately referred her back to her primary care physician. By this time, it was July 2021. During this interim period, Plaintiff worked four-hour days and completed all deadlines and tasks as requested and assigned by Tacker.  However, Plaintiff's chronic pain was still ongoing.

14. On August 10, 2021, Plaintiff's physician completed another accommodation request and completed and submitted "Return to Work Form" at Tacker's request. This form indicated that Plaintiff should be restricted from working until she can be seen by a hand specialist and the use of pain medication was not helping and the pain was increasing. Plaintiff <u>again</u>

requested reasonable accommodations concerning her documented disability in the form of a reduced workload.

15. On August 27, 2021, Plaintiff received a "Preliminary Decision to Take Disciplinary Action", seemingly in response to her request for accommodation.

16. As a result of the denial of reasonable accommodations and continued disciplinary actions taken in response to requests for accommodation, Defendant constructively discharged Plaintiff.

**CAUSE OF ACTION I:  AMERICANS WITH DISABILITY ACT VIOLATION**

16. Plaintiff incorporates all preceding paragraphs herein.

17. Disability discrimination occurs when an employer or entity covered by the American with Disabilities Act ("ADA") treats a qualified individual who is an employee unfavorably because she has a disability. To state a claim for disability discrimination under the ADA, a plaintiff must show: "(1) that [s]he has a disability; (2) that [s]he was qualified for the job; [and] (3) that [s]he was subject to an adverse employment decision on account of [her] disability." *Moss v. Harris County Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017).

18. A disability is "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011) (quoting 29 C.F.R. § 1630.2(g)). Although having a substantially limiting impairment "is not meant to be a demanding standard[,] . . . not every impairment will constitute a disability within the meaning of [the ADA]." 29 C.F.R. §1630.2(j)(1)(ii). To substantially limit means: (i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or

duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1)(i)(ii). Whether an impairment is substantially limiting is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact. 29 C.F.R. § 1630.2(j). Major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995).

19. The ADA prohibits discrimination in the "terms, conditions, and privileges of employment." *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 765 (5th Cir. 1996) (citing 42 U.S.C. § 12112). Further, i[t] is unlawful for a covered entity to limit, segregate, or classify a[n]…employee in a way that adversely affects his or her employment opportunities or status on the basis of disability. *Id.* (citing 29 C.F.R. § 1630.5).

20. Plaintiff is an individual with a disability that substantially limits a major life activity. Defendant, TBVME, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability. Plaintiff specifically informed Defendant of the continuing pain in her hands and wrists sustained due to a motor vehicle accident and the corresponding need for a reduced workload as evidenced by documentation from Plaintiff's treating physician. The pain would interfere with her ability to function and thus severely impact her daily living activities, i.e., Plaintiff could not perform tasks using her hands and wrists for long periods of time or without breaks. In accordance with the ADA standard, Plaintiff did in fact have a disability.

21. The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that

such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job. 42 U.S.C. § 12111.

22. Plaintiff was qualified for her job. Prior to her injury, Plaintiff performed her job for Defendant without any complaint, write-up, reprimand, or disciplinary action. Plaintiff was educated and trained as the field of veterinary medicine and necropsy. Other than her supervisor's complaints that Plaintiff was too slow, there was no indication that Plaintiff was not qualified to be a Field Investigator for TBVME.

23. Plaintiff was subject to an adverse employment action first when she was forced to work while on medical leave. She was then subjected to additional adverse employment action when disciplined three (3) times. This put considerable pressure on Plaintiff and was not good for her health. TBVME continued to make her work environment more and more difficult so that she had no choice but to resign. Once Plaintiff made the request for reduced workload, she became the target for discrimination and constructive resignation – all of which stemmed from her supervisor's unwillingness to provide Plaintiff reasonable accommodations for her disabilities.

24. Defendant's actions clearly demonstrate discriminatory conduct towards Plaintiff because of her disabilities.

25. Plaintiff alleges that Defendant, TBVME, by and through Defendant's agents, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

**CAUSE OF ACTION II:  TITLE VII VIOLATION BASED ON RETALIATION**

26. Plaintiff incorporates all preceding paragraphs herein.

27. Title VII of the Civil Rights Act of 1964 (the "Act") prohibits retaliation against an employee who reports discrimination based on disability. It is unlawful to retaliate against applicants or employees for communicating with a supervisor or manager about employment discrimination, including harassment. Retaliation can take the form of a reprimand; giving a performance evaluation that is lower than it should be; engaging in physical or verbal abuse; increased scrutiny; and making the employee's work more difficult.

28. A plaintiff establishes a claim for retaliation when [s]he, "engaged in an activity protected by Title VII; 2) was subjected to an adverse employment action; and 3) a causal link exists between the protected activity and the adverse employment action." *Adams v. Vaughn*, No. 3:18-CV-1109-B-BT, 2019 WL 1003845, at *3 (N.D. Tex. Feb. 12, 2019)(quoting *Wright v. Chevron Philips Chem. Co.*, 734 F. App'x 931, 935 (5th Cir. 2018)(per curiam)). Protected activity includes complaining to supervisors about acts of unlawful discrimination. 42 U.S.C. §2000e-3(a); *Valdarez v. Lubbock Cty. Hosp. Dist.*, 611 Fed. Appx. 816, 820-21 (5th Cir. 2015)(finding that the plaintiff's report of sexual harassment to his supervisor was protected activity).

29. Plaintiff engaged in a Title VII protected activity when she requested a reasonable accommodation of a reduced workload due to her injury. TBVME and its agents, retaliated against Plaintiff in the form of increased scrutiny, undue reprimands, and contacting Plaintiff for case information and details well beyond standard business hours and Plaintiff's work hours.

30. A causal link exists between Plaintiff's request for reasonable accommodation concerning her disability and the worsening of Tacker's behavior. Plaintiff was qualified for her position as evidenced by numerous accolades received during her employment with TBVME. Instead of providing a reasonable accommodation in response to Plaintiff's treating physician's

recommendation, Tacker took it upon himself to return Plaintiff to a full-time schedule without just cause or due consideration.

31.     Plaintiff alleges that Defendant, TBVME, by and through Defendant's agents, instituted a campaign of retaliation which included repeated demands for information beyond normal business hours and outside her stated work schedule as well as repeated disciplinary action. This retaliation was and is due to Plaintiff exercising her rights by requesting a reasonable accommodation concerning her disability. Plaintiff suffered damages for which Plaintiff herein sues.

## RESPONDEAT SUPERIOR AND RATIFICATION

32.     Whenever in this complaint it is alleged that the Defendant, TBVME, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## CONSTRUCTIVE DISCHARGE

33.     TBVME made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

34.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Expert fees as the Court deems appropriate;

    f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g. Inconvenience;

    h. Interest;

    i. Loss of benefits; and

    j. Humiliation.

## EXEMPLARY DAMAGES

35. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

36. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a. Prohibit by injunction the Defendant from engaging in unlawful employment practices;

    b. Rehire Plaintiff;

    c. Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant;

    d. Reinstate all benefits to which Plaintiff was entitled but for the unlawful employment actions of Defendant;

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maricela Santibanez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ Ali Crocker Russell
Ali Crocker Russell
State Bar No. 24098868
ali@cralawfirm.com

CROCKER RUSSELL & ASSOCIATES
2401 Callender Road, Suite 103
Mansfield, Texas 76063
Tel: (817) 482-6570
Fax: (682) 232-1850

**ATTORNEY FOR PLAINTIFF**